***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction and is currently housed at Marion Correctional Center in Marion, North Carolina.
2. On January 8, 1999, while housed at Eastern Correctional Center, plaintiff was involved in an altercation with another inmate, Bobby McClelland. During the fight, plaintiff received a puncture wound to his right thigh. Plaintiff testified that correctional officers failed to call a "code yellow" and intervene in a timely manner to stop the fight.
3. The greater weight of the evidence establishes that plaintiff was the aggressor in starting the altercation with inmate Bobby McClelland, and that plaintiff was wielding a weapon. After the altercation began, plaintiff lost his balance and fell to the floor. Plaintiff continued swinging his weapon at Bobby McClelland, who was over him, and in the process, it appears that plaintiff inadvertently stabbed himself in the thigh.
4. The greater weight of the evidence also shows that when the altercation began, the correctional officer in charge of the control booth, Officer Thurman Bunn, called a "code yellow" to notify correctional staff that an altercation was underway and to summon assistance. Correctional officers, including Officer Katherine Flanagan, responded and ordered the inmates to stop fighting. When the inmates refused the order, Officer Flanagan used pepper spray to bring the inmates under control. Both inmates were handcuffed and taken to see medical staff.
5. The evidence fails to support plaintiff's allegations that correctional staff failed to respond to the altercation in a timely manner.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he sustained injury on or about August 8, 1999 due to the negligence of Officer Bunn, Officer Flanagan, or any other employees of defendant. Therefore, plaintiff's claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER